UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil No. 3:21-cv-00632

| | |
|---|---|
| HOLLY GONZALES, | |
| Plaintiff, | |
| v. | COMPLAINT |
| FAMILY FIRST HOME HEALTH CARE, INC. | |
| Defendant. | |

Plaintiff, Holly Gonzales ("Gonzales" or "Plaintiff"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Family First Home Health Care, Inc. ("Family First" or "Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) and seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiff's FLSA claims result from Defendant's policy and practice of failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

## THE PARTIES

3. Plaintiff is an adult individual who is a resident of Gastonia, North Carolina.

4. Family First is a domestic company incorporated under the laws of North Carolina located in Gastonia, North Carolina, 28054.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the

1

claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

6. This Court has personal jurisdiction because Defendant conducts business in Gastonia, North Carolina, which is located in Gaston County, which is within this judicial district.

7. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Gastonia, North Carolina.

## COVERAGE ALLEGATIONS

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any personand in that the enterprise has had and has an annual gross volume of sales made or business doneof not less than $500,000.

11. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## PLAINTIFF'S FACTUAL ALLEGATIONS

12. Family First provides services for patients who want to remain independent at home such as companionship and emotional support, reliable hands-on assistance, and assistance with other daily tasks such as running errands.

13. Plaintiff began her employment with Family First in or about 2015 as a Home Health Aide/Certified Nursing Assistant ("HHA/CNA").

14. As an HHA/CNA, Plaintiff is required to provide daily services and medical care to individuals, including but not limited to: assisting with bathing and personal hygiene, using the restroom, dressing, and eating.

15. At all relevant times, Families First misclassified Gonzales as an independent contractor.

16. Families First controlled the manner in which Gonzales performed her work by training her and providing policies, procedures, and practices to Gonzales demonstrating how to perform her work, including requiring Gonzales to fill out a "Weekly Task Schedule," which shows all tasks Family First required Gonzales to perform with each customer. Families First assigned customers to Gonzales; designating where she would be working. Families First also set Gonzales' schedule.

17. Family First established the hourly rate charged to Family First's customers and Gonzales did not have input into the hourly rate nor did Gonzales have authority to adjust the hourly rate Family First charged its customers.

18. Family First provided Gonzales with a uniform and other essential medical tools to perform her required tasks.

19. On or about March 26, 2020, Family First required Gonzales to sign a "Essential Employee" letter signifying that Gonzales was employed as a "Home Health Aide/Certified Nursing Assistant" with Family First. The letter permitted Gonzales to be treated as an "Essential Employee" to continue her work despite the governmental lockdowns imposed during the COVID-19 pandemic.

20. Family First employed Gonzales during the FLSA's statutory period preceding the filing of this Complaint.

21. Until about April 10, 2021, Family First issued a paycheck to Gonzales under an IRS 1099 tax form. Family First compensated Gonzales at her straight time hourly rate for all hours worked. On or about April 10, 2021, Family First began issuing Gonzales a paycheck under an IRS W-2 tax form and began withholding taxes from her paycheck. Gonzales' duties and responsibilities did not change.

22. Gonzales regularly worked in excess of forty (40) hours in each workweek during the three-year period prior to filing this lawsuit.

23. By way of example, Gonzales worked 63.5 hours during the workweek of November 18, 2018 through November 23, 2018; 63.5 hours during the workweek of April 7, 2019 through April 13, 2019; and 69.5 hours during the workweek of July 12, 2020 through July 18, 2020. These examples are representative of the average number of overtime hours Gonzales worked during the three-year period preceding the filing of this Complaint.

24. Plaintiff estimates she worked over 4,368 hours of overtime during the three-year period prior to filing this lawsuit.

25. Family First compensated Gonzales for all hours worked at her straight time hourly rate. Family First failed to compensate Gonzales the overtime premium required by the FLSA.

26. Family First knew that Gonzales worked overtime hours because Family First required Gonzales to record the hours she worked and submit her timesheets to Family First's payroll department. Further Family First knew that Gonzales worked overtime hours because Family First compensated Gonzales—albeit at the wrong rate—for all hours worked in excess of forty (40) in a workweek.

27. Defendant willfully failed to pay Plaintiff the overtime premium required by the FLSA.

4

Case 3:21-cv-00632-RJC-DSC   Document 1   Filed 11/23/21   Page 4 of 6

## Plaintiff's First Cause of Action
### (Violation of FLSA—Overtime)

28. Plaintiff incorporates by reference paragraph 1-27 of her Complaint.

29. Defendant's violation of the FLSA arises from its failure to pay all overtime wages earned by Plaintiff.

30. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

31. Defendant violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

32. Defendant's violation of the FLSA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of theFLSA;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary andappropriate.

Respectfully submitted this 23rd day of November, 2021.

/s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
Email: phil@gibbonslg.com
corey@gibbonslg.com

*Attorneys for Plaintiff*